E. CRAWFORD SANDFORD, RESPONDENT, *v.* HARRIET A. SANDFORD, APPELLANT.

*What facts must be alleged to justify proceedings for contempt for the non-payment of alimony.*

APPEAL from an order granting an attachment for contempt in not paying alimony.

The Court at General Term said: "The affidavit upon which the order was made herein to punish the defendant makes no suggestion whether the defendant had property or not, and the order does not declare that the conduct of the defendant was calculated to, and actually did impair, impede or prejudice the rights or remedies of the respondent. The proceedings to punish a defendant for

the non-payment of alimony are initiated by sections 1769–1772, 1773 of the Code and embrace sections 2266–2282 also. If it appears presumptively to the satisfaction of the court that payment of the alimony ordered cannot be enforced against the party directed to pay by sequestration of his personal property, and the rents and profits of his real estate, the proceedings to punish him may be taken under the sections lastly mentioned, and to which the defendant resorted in this proceeding. It does not appear whether the plaintiff has any real or personal property, and it does not presumptively appear from anything contained in the record that payment cannot be enforced by the sequestration of such property, and consequently the order made is not maintainable. In *Rahl* v. *Rahl* (14 Weekly Dig. 560), the necessity of allegations in reference to the requirements stated was recognized. (See also *Isaacs* v. *Isaacs*, 61 How. Pr. Rep., 369). It is not necessary to consider in addition the point taken by the appellant, that it should also appear as adjudicated, that the misconduct of the plaintiff tended to and did impair the rights of the defendant, inasmuch as the proceeding is fatally defective in substance as suggested. The Code contemplates the appropriation of the property of the party first, and if that be not sufficient to pay the amount, then to punish by mandatory process. (Cases *supra*). For these reasons the order appealed from must be reversed, but as the plaintiff has not answered the application on the merits, no costs will be allowed."

*W. B. Tullis* for the appellant.

*Albert Day* for the respondent.

Opinion by BRADY, J., VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, without costs,